IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, <br><br> TRUSTEES OF THE NATIONAL ROOFING INDUSTRY PENSION PLAN, and <br><br> TRUSTEES OF THE ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND, <br><br> Plaintiffs, <br><br> -vs- <br><br> RYAN MAYNARD D/B/A MAYNARD SEAMLESS GUTTERS, <br><br> Defendant. | CASE NO. 4:19-cv-5 |

# **COMPLAINT**

1.  Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund, Trustees of the National Roofing Industry Pension Plan, and Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund are trustees of multiemployer benefit plans. Defendant Ryan Maynard is a sole proprietor doing business as Maynard Seamless Gutters and is an employer that is obligated to make contributions to the Funds based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of compelling and audit and collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because one or more of the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

3. Plaintiffs Trustees of the Indiana State Council of Roofers Health and Wealth Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is an employee welfare plan and a multiemployer plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 3440 Kossuth Street, Lafayette, Indiana 47903.

4. Plaintiffs Trustees of the National Roofing Industry Pension Plan are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is an employee pension plan and a multiemployer plan

within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425.

5. Plaintiffs Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is an employee welfare plan and a multiemployer plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425.

6. Defendant Ryan Maynard is a sole proprietor doing business as Maynard Seamless Gutters. Defendant's principal place of business located at 222 E. Main Street, Aledo, Illinois 61231. At all relevant times, Defendant was an employer as defined by LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

7. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

8. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more Collective Bargaining Agreement(s) ("CBA"). The terms of the CBA require

Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees. A true and accurate copy of the signature page demonstrating Defendant's assent to the terms of the CBA is attached as **Exhibit A**.

9. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies. True and accurate copies of the Funds' Trust Agreements are attached as **Exhibits B, C and D**. True and accurate copies of the Funds' Collection Policies are attached as **Exhibits E and F**.

10. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by no later than the last day of the month following the month in which the work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month. Defendant is also liable for all attorney's fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

11. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses significant discrepancies, Defendant

is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the collection of amounts owed.

12. Defendant has failed to timely report hours worked by covered employees in December 2017 as required by the CBA, Trust Agreements, and Collection Policies.

13. Defendant has failed or otherwise neglected to remit contribution payments for work performed in December 2017 as required by the CBA, Trust Agreements, and Collection Policies.

14. Upon information and belief, Defendant has failed to timely report hours and/or remit contribution payments for work performed in various months from January 2017 to the present.

15. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, attorney's fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

16. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

17. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

18. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies.

19. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by no later than the last day of the month following the month in which the work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month. Defendant is also liable for all attorney's fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

20. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses significant discrepancies, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the collection of amounts owed.

21. Defendant has failed to timely report hours worked by covered employees in December 2017 as required by the CBA, Trust Agreements, and Collection Policies.

22. Defendant has failed or otherwise neglected to remit contribution payments for work performed in December 2017 as required by the CBA, Trust Agreements, and Collection Policies.

23. Upon information and belief, Defendant has failed to timely report hours and/or remit contribution payments for work performed in various months from January 2017 to the present.

24. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policies, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, attorney's fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

27. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies.

28. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by no later than the last day of the month following the month in which the work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month. Defendant is also liable for all attorney's fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

29. Defendant has failed or otherwise neglected to remit contribution payments for work performed in December 2017 and, upon information and belief, various other work months

7

from January 2017 to the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

30. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

33. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce written collection policies.

34. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by no later than the last day of the month following the month in which the work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month. Defendant is also liable for all

attorney's fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

35. Defendant has failed or otherwise neglected to remit contribution payments for work performed in December 2017 and, upon information and belief, various other work months from January 2017 to the present, thereby rendering the contributions delinquent.

36. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policies, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit

37. Plaintiffs reallege each averment set forth as if fully rewritten herein.

38. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The CBA incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, authorize Plaintiffs to adopt and enforce written collection policies.

39. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policies, Defendant may be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses significant discrepancies, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the collection of amounts owed.

40. Despite repeated demands to do so, Defendant has failed to submit to a payroll audit.

41. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

42. Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreements, and Collection Policies, and therefore Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the work month of December 2017, in an amount to be determined;

B. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the work month of December 2017, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined

C. An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

D. Judgment in favor of Plaintiffs and against for unpaid and delinquent contributions owed by Defendant as disclosed by the audit, in an amount to be determined;

E. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions as disclosed by the audit, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

F. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

G. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

H. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

I. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

J. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorney for Plaintiffs*